UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER JANKO                                    CIVIL ACTION

VERSUS                                               NO. 13-648-SDD-RLB

THE FRESH MARKET, INC.,
ABC INSURANCE COMPANY
AND JANE DOE

## **NOTICE**

     Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

     In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

     **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

     Signed in Baton Rouge, Louisiana, on May 29, 2014.

                                       **RICHARD L. BOURGEOIS, JR.**
                                       **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER JANKO                                           CIVIL ACTION

VERSUS                                                      NO. 13-648-SDD-RLB

THE FRESH MARKET, INC.,
ABC INSURANCE COMPANY
AND JANE DOE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to file Amendment and Incorporated Motion to Remand (R. Doc. 3). Defendant, The Fresh Market, Inc. (Fresh Market), filed an Opposition in response to Plaintiff's Motion. (R. Doc. 4). For the reasons discussed below, it is recommended that Plaintiff's Motion to Remand be **DENIED** and Plaintiff's Motion for Leave to file Amendment be **DENIED as moot**.

### I. BACKGROUND

Plaintiff originally filed his personal injury action in 19th Judicial District Court of East Baton Rouge Parish, Louisiana. (R. Doc. 1-2). Plaintiff named Fresh Market, its unknown employee, Jane Doe, and its unknown liability insurer, ABC Insurance Company, as Defendants. (R. Doc. 1-2). In his Complaint, Plaintiff claims he "sustained severe and permanent injury to his hand and thumb" while purchasing a glass vase along with a bouquet of flowers at Fresh Market on September 11, 2012. (R. Doc. 1-2 at 2). Specifically, Plaintiff claims he was helping the florist, Jane Doe, "change vases for [his] bouquet of flowers when the vase suddenly and without warning broke in [Plaintiff's] hand." (R. Doc. 1-2 at 2).

Shortly after serving summons on Fresh Market, Plaintiff propounded discovery to "identify [Fresh Market] employee" and fictitious Defendant, Jane Doe. (Pl.'s Interrog. No. 1, R. Doc. 3-2 at 2). Fresh Market then removed the action to this Court based on diversity jurisdiction and the improper joinder of Jane Doe. (R. Doc. 1). Fresh Market did not respond to Plaintiff's state court discovery requests before removal.

In a single filing, Plaintiff then moved the Court to (1) compel Fresh Market to answer his state court discovery, then (2) amend his Complaint, if Fresh Market's discovery responses confirm that Jane Doe is a citizen of Louisiana, and then (3) remand the action for lack of complete diversity. In its Opposition, Fresh Market identifies Jane Doe as Kety Calmes, a citizen of Louisiana. (R. Doc. 4 at 2 n.1). Before determining whether complete diversity exists to establish subject matter jurisdiction in connection with the Motion to Remand, the Court will first consider Plaintiff's requests to compel discovery responses and amend his Complaint.

To begin, Plaintiff served his First Set of Interrogatories on Fresh Market while his action was pending in state court. Once the action was removed, it was "governed by federal, rather than, state procedure." *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005). Under Rule 26(d) of the Federal Rules of Civil Procedure, discovery may not take place until the parties have conferred as required by Rule 26(f). A Rule 26(f) conference could not have taken place prior to removal and Plaintiff does not claim the parties have conferred under Rule 26(f). Moreover, "Nothing in the language of [Rule 26(d)] permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal." *Riley*, 233 F.R.D. at 499. Therefore, any discovery served but unanswered before removal was conducted prior to a Rule 26(f) conference and cannot be enforced by this Court. Either way, Plaintiff's request is now moot given Fresh Market has identified Jane Doe and her citizenship.

Next, Plaintiff cannot conditionally move to amend his Complaint, effective upon the subsequent receipt of certain compelled discovery responses. In this district, any party wishing to amend its complaint must submit an actual amended complaint. It is up to the plaintiff, upon receipt of any required information or discovery, to then submit the proposed amendment to the court. That amended complaint then supersedes any previously filed complaint. *Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994))).

Even if procedurally sound, Plaintiff's Motion to file Amendment would still be denied as futile.[1] As discussed below, regardless of her identity, Plaintiff has not pled facts sufficient to state a claim against Jane Doe.[2] Jane Doe has been improperly joined and therefore her citizenship shall be disregarded for the purpose of determining jurisdiction.

## II. APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When jurisdiction is

---

[1] The "same standards of legal sufficiency as applies under Rule 12(b)(6)" is applicable to both improper joinder under removal jurisdiction and futility of amendments under Rule 15. *Stripling v. Jordan Prod. Co., LLC*, F.3d 863, 873 (5th Cir. 2000) (12(b)(6) standard applicable to futility of amendment); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (to determine improper joinder, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant").

[2] If the Court were considering an amended Complaint substituting Kety Calmes for Jane Doe, its Rule 15 futility analysis may have been accompanied by a discussion of the *Hensgens* factors. This is because adding Kety Calmes as a Defendant would destroy complete diversity. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (when amendment seeks to add a nondiverse party that would destroy jurisdiction the court should consider the purpose of the amendment, the plaintiff's diligence, any injury to plaintiff if amendment is denied, and any other factors bearing on the equities); *Ellender v. Rite Aid Pharmacy*, No. 08-722, 2008 WL 4200716, at *1 n.1 (W.D. La. Sept. 8, 2008) (applying *Hensgens* but noting that some "courts have not used a strict *Hensgens*' analysis" where the plaintiff wishes "to substitute a named defendant for a fictitious one previously named"). The Court does not discuss *Hensgens* or consider its applicability, however, because an amended Complaint has not been filed and neither party has argued *Hensgens* is applicable to the instant Motion.

based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

## III. DISCUSSION

### A. Complete Diversity and the Improper Joinder of Jane Doe

The party seeking removal based on complete diversity and the improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. As the removing Defendants have not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, the Court will only consider the latter test for improper joinder. In that situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

5

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. A court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

This determination must be based on the pleadings as they existed at the time of removal. *E.g.*, *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 263-64 (5th Cir. 1995). And so, it logically follows that a court may not "determine whether a claim has been stated against the nondiverse defendant under a legal theory not alleged in the state court complaint." *Id.* at 263.

Here, Fresh Market argues its employee, Jane Doe, is improperly joined. Fresh Market claims that Plaintiff cannot recover from Jane Doe because he cannot prove that as an employee Jane Doe owed him "any personal duty" — a necessary element of any negligence claim. The Court's analysis of this issue is governed by *Canter v. Koehring, Co.*, 283 So.2d 716 (La. 1973), a Louisiana Supreme Court case establishing that an employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied:

(1) The employer owes a duty of care to the plaintiff and the breach of that duty caused the plaintiff's injury.

(2) This duty is delegated by the employer to the defendant employee.

(3) The defendant employee has breached this duty through personal (as contrasted with technical or vicarious) fault, including the failure to remedy a risk the employee knew or should have known about.[3]

---

[3] "The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances – whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to

6

(4) Personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he or she must have a personal responsibility creating a duty to the plaintiff that was not delegated to some other employee. If that responsibility was delegated to another employee, the defendant is not liable for its breach unless he or she knows or should know of its non-performance and still fails to remedy the harm.[4]

*Canter*, 283 So.2d at 721; *see also Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (citing *Canter*, 283 So.2d at 721).

In his Complaint, Plaintiff alleges the negligence of both Fresh Market and Jane Doe caused his injuries. These claims center around Fresh Market and Jane Doe's alleged breach of their duty to "reasonably inspect and/or remove defective vases from the sales floor," which created an unsafe premises. (R. Doc. 1-2 at 2). This conduct, according to Plaintiff, establishes Jane Doe's liability under Louisiana Civil Code article 2317 (premises liability) and Fresh Market's liability under articles 2317 and 2320 (vicarious liability). The Court, however, does not agree that Plaintiff has a viable claim against Jane Doe.

Article 2317 governs claims of premises liability and provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Article 2317 imposes a negligence standard and requires a plaintiff to establish:

(1) The thing causing his damage was in the custody of the defendant;

---

others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty." *Canter*, 283 So.2d at 721.

[4] The exact language of *Canter* is as follows:

"If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm."

*Id.*

7

(2) It had a 'defect' or a condition creating an unreasonable risk of harm;

(3) The defective condition caused plaintiff's injuries; and

(4) The defendant knew or should have known of that defect.

*Coulter v. Texaco Inc.*, 117 F.3d 909, 913 & n.8 (5th Cir. 1997) (discussing elements); *Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627-28 (5th Cir. 2005) (same).

In order for Jane Doe to be liable under article 2317, she must have custody of the defective thing as contemplated by that article. Custody is a broad concept that does not depend on ownership of the thing. In a case of non-ownership, a person's custody is a fact-driven determination that hinges on whether the person "exercises direction and control of the thing and derives some benefit from it." *Coulter*, 117 F.3d at 913. To determine whether a party has direction and control of a thing, courts consider factors including: "whether the party has the right to use, alienate, encumber, or lease the thing, or otherwise grant a right of use to others, whether the party has the right to authorize alterations or repairs to the thing, and whether the party has an unfettered right to access the thing at will, versus only a limited access to enter." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 838 F. Supp. 2d 497, 512 (E.D. La. 2012).

Plaintiff has made no allegation that Jane Doe was a custodian and could be personally at fault under article 2317. Instead, Plaintiff merely claims that Jane Doe was employed by Fresh Market and handled the vase before it broke in Plaintiff's hand. In fact, the Complaint explains that "the vase was within the care, custody, and control of Defendant, *The Fresh Market, Inc.*, prior to [Plaintiff's] injuries." (R. Doc. 1-2 at 3) (emphasis added). These allegations are insufficient to establish Jane Doe's control or custody. The Court also notes that Plaintiff has not cited any cases, and the Court is unaware of any, finding an employee had the requisite control to be personally liable under article 2317. *See Patterson v. Radiator Specialty Co.*, No. 10-2007,

8

2012 WL 1565286, at *2 (E.D. La. May 2, 2012) ("Plaintiff has cited no case and the Court is unaware of one that finds executive officers having the requisite control to state a cause of action against them under art. 2317."); *Cologne v. Shell Oil Co.*, No. 12-7345, 2013 WL 5781705, at *5-6 (E.D. La. Oct. 25, 2013) ("It is implausible to think that two employees . . . , who did not hold a formal executive office, maintained enough direction and control over company-owned equipment" to owe a duty to the injured third party under article 2317.).

Plaintiff has likewise not claimed that Fresh Market, as custodian, delegated to Jane Doe a duty it owed to Plaintiff, as required by *Canter*. Instead, Plaintiffs' Complaint is wrought with generic allegations that either "Fresh Market, Inc., and Jane Doe, and/or their agents, supervisors, managers and employees," in summary, failed to:

(1) Inspect and remove defective products, including the vase, from its store;

(2) Manage, maintain or supervise the premises;

(3) Use reasonable and ordinary methods to keep the premises safe;

(4) Timely discover and remedy unsafe conditions; and

(5) Warn of unreasonably dangerous conditions.

(R. Doc. 1-2 at 2).

Plaintiff's allegations are not specific to Jane Doe. In other words, he does not claim that Jane Doe was personally responsible for inspecting and choosing the floral merchandise to sell, personally created the defect in the vase, or personally caused Plaintiff's injury. *See Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995) (store manager was fraudulently joined where: "The plaintiffs do not allege . . . that Alred was the employee who stacked the boxes improperly or who personally caused the accident" but only "seek to impose liability on Alred for breaches of his general administrative duties.").

9

In contrast, Plaintiff lists generic job responsibilities potentially applicable to an employee of any store. The only facts specific to Jane Doe are that both she and Plaintiff handled the vase before it "suddenly and without warning broke in [Plaintiff's] hand." (R. Doc. 1-2 at 2). This does nothing more than show any alleged defect was not readily known to Jane Doe. And so, the Complaint does not plausibly establish that Jane Doe owed Plaintiff a duty or that she knew or should have known of any alleged harm but failed to remedy it, as required by *Canter*.[5]

Courts have rejected similar allegations as insufficient to impose *Canter* liability on an employee. *See Black v. Lowe's Home Ctrs., Inc.*, No. 10-478, 2010 WL 4790906, at *1-3 (M.D. La. Oct. 22, 2010) (allegations that employee failed to properly supervise, inspect premises/aisle, maintain a safe environment, and remedy dangerous condition were insufficient under *Canter* absent allegations of personal involvement in creation of allegedly dangerous condition); *Bertrand v. Fischer*, No. 09-76, 2009 WL 5215988, at *6-7 (W.D. La. Dec. 29, 2009) (employee could not be personally liable under *Canter* because allegation that no store employee had "the designated job of seeing that the floors are inspected" was insufficient to show employer delegated duty to employee); *Carter v. Wal-Mart Stores Inc.*, No. 04-72, 2005 WL 1831092, at *2-3 (W.D. La. July 28, 2005) (generic allegations that employee failed to inspect premises and maintain safe conditions of store rack that allegedly fell on customer insufficient to hold employee liable under *Canter* because they merely concerned employee's general responsibilities); *but compare Gerald v. Hospitality Props. Trust*, No. 09-2989, 2009 WL 1507570, at *4 (E.D. La. May 7, 2009) (allegations that employees had actual knowledge of condensation problem on floor where plaintiff slipped yet proceeded to take actions which

---

[5] Likewise, Plaintiff's allegations do not satisfy the fourth element of article 2317, which requires Plaintiff to show that Jane Doe knew or should have known of the defect. *Cormier*, 136 F. App'x at 627-28.

10

allegedly contributed to condensation hazard, instead of remedying it, stated a plausible claim of personal liability against employees); *and Flitter v. Walmart Stores, Inc*., No. 09-236, 2009 WL 2136271, at *3 (M.D. La. June 19, 2009) (allegations that manager knew building's roof was "defective and leaked during rain showers," and created a "significant danger" but "failed to remedy" known condition reasonably gave "rise to a heightened duty" to customers and manager's "personal fault" beyond liability for breach of employer-delegated duties and stated a claim for relief under *Canter*).

The petition also asserts a cause of action against Jane Doe for spoliation of evidence, alleging that Fresh Market and Jane Doe disposed of the vase in question before his attorneys had an opportunity to inspect it. (R. Doc. 1-2, ¶¶ 18-27). Even assuming that such conduct could give rise to liability of the individual employee for such spoliation, defendant Fresh Market argues that the allegations of spoliation are "baseless and false." (R. Doc. 4 at 10). Fresh Market contends that the vase has been preserved and is in its possession. Fresh Market further provided a photograph of the vase in its preserved state. (R. Doc. 4-2). Plaintiff has not responded or otherwise contested the accuracy of this information. This is an appropriate instance to "pierce the pleadings and conduct a summary inquiry" in order to determine the propriety of joinder. Based on the representations of Fresh Market and the uncontroverted photograph of the vase in question preserved for this litigation, Plaintiff has no possibility of recovery against Jane Doe for spoliation of evidence.

As such, Plaintiff has not stated a plausible claim for relief against Jane Doe, identified as Kety Calmes, a Louisiana Citizen, and Plaintiff has improperly joined Jane Doe to defeat subject

11

matter jurisdiction.[6] Complete diversity exists between Plaintiff and all properly joined Defendants.

### B. Amount in Controversy

In addition to complete diversity, the Court cannot exercise subject matter jurisdiction over Plaintiff's case unless the amount in controversy exceeds "the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)-(a)(1). Pursuant to 28 U.S.C. §1446(c)(2), if removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." However, if the "State practice . . . does not permit demand for a specific sum," as is the practice in Louisiana, removal is "proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The removing defendant bears the burden of proof and may do so by: (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000;" or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

The Court's review of the record calls into question the amount in controversy. *See Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 230 (5th Cir. 1990) (recognizing that "a court must consider the existence of subject matter jurisdiction on its own motion"). Other than stating that as a result of the vase breaking he sustained "severe and permanent injuries to his hand and thumb" (R. Doc. 1-2 at 2), the other allegations of injuries and damages are vague and conclusory.

---

[6] The Court would reach the same conclusion even if Plaintiff had sufficiently alleged that Jane Doe had an employer-delegated responsibility to inspect the vase, because a "non-manufacturing seller," like Fresh Market, "is not required to inspect the product prior to sale to determine the possibility of inherent vices or defects." *Lewis v. Albertson's Inc.*, 935 So.2d 771, 774 (La. App. 2 Cir. 2006). It then logically follows that Fresh Market could not delegate a duty to inspect — a duty that even it does not have — to one of its employees.

The Notice of Removal simply claims "Plaintiff has pled sufficient injuries and damages" to meet the amount in controversy without identifying what those injuries and damages are.[7] In the event this Report and Recommendation is adopted by the district judge, the undersigned will address the sufficiency of the amount in controversy in an appropriate manner.

## IV. CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that complete diversity exists between the parties and that Plaintiff's Motion to file Amendment and Incorporated Motion to Remand be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 29, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] The record reflects that a settlement demand was made approximately 13 days prior to removal but the details of that demand were not provided with the Notice of Removal or in any subsequent filing. (R. Doc. 3-3) (attachment to email referencing "Settlement demand and quantum").