UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER JANKO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-648-RLB** |
| **THE FRESH MARKET, INC., ABC INSURANCE COMPANY AND JANE DOE** | **CONSENT** |

## ORDER

Before the court is Third Party Defendant Hill's Imports, Inc.'s Motion to Compel Complete Responses to Discovery (R. Doc. 30) and Motion to Set Hearing (R. Doc. 31), both filed on June 8, 2015. Any opposition to these motions was required to be filed within 21 days after service of the respective motion. LR 7(f). Defendant The Fresh Market, Inc. has not filed an opposition as of the date of this Order. The motions are therefore unopposed.

For the following reasons, the Motion to Compel is **GRANTED in part and DENIED in part**. As this written order has been issued without the need for oral argument, the Motion to Set Hearing is **DENIED as moot.**

### I.   Background

Christopher Janko ("Plaintiff") originally filed this personal injury action in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana, naming The Fresh Market, Inc. ("Fresh Market"), its unknown employee, Jane Doe, and its unknown liability insurer, ABC Insurance Company, as Defendants. (R. Doc. 1-2). Plaintiff claims that on September 11, 2012, he "sustained severe and permanent injury to his hand and thumb" while purchasing a glass vase and bouquet of flowers at a Fresh Market store "when the vase suddenly and without warning broke in [his] hand." (R. Doc. 1-2 at 2).

On September 26, 2013, Fresh Market removed this action. (R. Doc. 1). After removal, Fresh Market amended its Answer to assert a Third Party Demand against Hill's Imports, Inc. ("Hill's Imports") and Burris Logistics, Inc. ("Burris), asserting that Hill's Imports imported the vase, and Burris then distributed it to Fresh Market. (R. Doc. 13). Fresh Market asserts that both Hill's Imports and Burris must defend, indemnify, and hold harmless Fresh Market for the claims brought by Plaintiff. (R. Doc. 13 at 7-8).

On February 17, 2015, Hill's Imports propounded Interrogatories (R. Doc. 30-2 at 1-4) and Requests for Production of Documents (R. Doc. 30-2 at 5-9) on Fresh Market.

On March 26, 2015, Fresh Market provided responses to Hill's Imports' discovery requests which objected to certain requests as vague, overly broad, or improperly seeking confidential or proprietary information, or information subject to work product immunity or the attorney-client privilege. (R. Doc. 30-2 at 10-25).

On April 7, 2015, counsel for Hill's Imports requested a Rule 37(a)(1) conference on the basis that the responses to Interrogatory No. 3 and Request for Production Nos. 1, 2, 6, 7, 8, 9, 11, and 12 were inadequate. (R. Doc. 30-2 at 26).

On April 13, 2015, the parties held a Rule 37(a)(1) conference. After the conference, counsel for Hill's Imports provided counsel for Fresh Market an e-mail summary of their discussions and agreements. (R. Doc. 30-2 at 27-28). According to this e-mail summary, counsel for Fresh Market agreed to supplement Fresh Market's responses, depending on the discovery request, by April 17, 2015 or May 22, 2015. Counsel for Fresh Market further agreed to provide a privilege log for all non-produced reports responsive to Request for Production No. 1 by May 22, 2015. (R. Doc. 30-2 at 27). Upon request by counsel for Fresh Market, counsel for Hill's Imports agreed to extend the May 22, 2015 deadline to May 29, 2015. (R. Doc. 30-2 at 39-41).

On May 29, 2015, Fresh Market provided supplemental responses to Hill's Imports' discovery requests. (R. Doc. 30-2 at 31-36). Fresh Market did not provide a privilege log at that time.

On June 1, 2015, counsel for Hill's Imports informed counsel for Fresh Market that the supplemental responses were inadequate and did not conform with the commitments represented by counsel for Fresh Market made during the Rule 37(a)(1) conference. (R. Doc. 30-2 at 37). Counsel for Hill's Imports requested counsel for Fresh Market to comply with the commitments represented at the Rule 37(a)(1) conference by June 5, 2015, or he would file a motion to compel. (R. Doc. 30-2 at 37). Fresh Market did not supplement its responses on June 5, 2015.

On June 8, 2015, Hill filed the instant Motion to Compel, arguing that the responses to Interrogatory No. 3 and Request for Production Nos. 1, 2, 6, 7, 8, 9, 11, and 12 remain inadequate. (R. Doc. 30). Fresh Market has not filed an opposition.

Non-expert discovery is set to close in this action on November 9, 2015. (R. Doc. 25).

## II.   Law and Analysis

### A.   Legal Standards

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." To be relevant, "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery is not without limits, however, and the court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "If the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

B.	Waiver of Attorney-Client Privilege and Work Product Immunity

Fresh Market has objected to many of the discovery requests at issue (either through its initial or supplemental responses) on the basis that they seek information protected from disclosure on the basis of the attorney-client privilege or work product immunity. In light of Fresh Market's failure to provide any privilege log with its responses, and failure to file any response to the instant motion explaining why it has failed to provide a privilege log, the court will determine, before addressing the individual discovery requests, whether Fresh Market has waived its asserted objections based on attorney-client privilege and work product immunity.

The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice. The privilege "was intended as a shield, not a sword." *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989). Rule 26(b)(3) of the Federal Rules of Civil Procedure restricts a party's ability to obtain its opponent's work product — "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). However, this privilege does not protect "materials assembled in the ordinary course of business, or pursuant to public requirement." *United States v. El Paso, Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

A party may withhold information which would be otherwise discoverable on the basis of privilege. Fed. R. Civ. P. 26(b)(1). A party withholding information on the basis of privilege must expressly make the claim and describe the nature of the document being withheld. Fed. R. Civ. P. 26(b)(5). A withholding party may "expressly" make its claim of privilege by submitting a privilege log describing the otherwise discoverable information being withheld. A privilege log must contain, at a minimum: the name of the document; a description of the document

including each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and the nature of the privilege. LR 26(c).

It is within the court's discretion to find a waiver of an asserted privilege for failing to timely produce a privilege log. *Blackard v. Hercules, Inc.*, No. 12-cv-175, 2014 WL 2515197, at *4 (S.D. Miss. June 4, 2014). Failure to produce a privilege log pursuant to Rule 26 "is, on its own, sufficient to warrant a finding that any privilege, even if it had been established . . . , has been waived." *Agee v. Wayne Farms, L.L.C.*, No. 06-cv-268, 2007 WL 2903208, at *3 (S.D. Miss. Oct. 1, 2007); *see also Onebeacon Ins. Co. v. Forman Int'l Ltd.*, No. 04-cv-2271, 2006 WL 3771010, at *7 (S.D.N.Y. Dec. 15, 2006) ("The unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege.").

Fresh Market has objected to many of the discovery requests at issue (through either initial or supplemental responses) on the basis that the requested documents are subject to the attorney-client privilege or work product immunity. The discovery at issue was propounded on February 17, 2015. Fresh Market's counsel represented at a Rule 37(a) conference that his client would provide a privilege log with its supplemental responses. Hill's Imports filed the instant motion to compel on June 8, 2015, indicating that no privilege log had yet been provided by Fresh Market. Fresh Market failed to oppose the instant motion to compel, and, accordingly, has provided no arguments in support of its assertions of attorney-client privilege or work product immunity. As of the date of this order, there is no indication in the record that Fresh Market has provided a privilege log to Hill's Imports identifying responsive documents it is withholding on the basis of attorney-client privilege or work product immunity.

In light of the record—including Fresh Market's failure to oppose the instant motion to compel and failure to provide a privilege log in support of its assertions of the attorney-client

6

privilege or work product immunity—the court concludes that Fresh Market has waived any asserted privileges or immunities. This is not an instance where a party provided a technically deficient privilege log prepared in good faith, for which the sanction, and remedy, of requiring the production of a supplemental privilege log would be suitable. *See Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-cv-363, 2009 WL 2487984, at *2 (M.D. La. Aug. 11, 2009) ("[W]hen confronted by a privilege log that is technically deficient and that does not appear to have been prepared in bad faith, is to allow the party who submitted the log a short opportunity to amend the log prior to imposing the drastic remedy of waiver."). Fresh Market has withheld certain documents since its initial responses to discovery requests made on March 26, 2015, and has failed, despite efforts by opposing counsel, to provide a privilege log. A finding of waiver is appropriate under these circumstances.

That said, the court will address the individual discovery requests at issue to determine the exact scope of information and documents that Fresh Market must provide.

### C. The Discovery Requests and Responses

#### 1. Interrogatory No. 3

Hill's Imports' Interrogatory No. 3, and Fresh Market's response to that interrogatory, are as follows:

> **Interrogatory No. 3**
> List each person employed by The Fresh Market, Inc. who was involved in the investigation of the subject incident. For each such person, state the following: (a) Name; (b) Title or position; (c) Last known address; (d) Last known telephone number; (e) Whether still employed by The Fresh Market, Inc.
>
> **Response**
> Defendant objects to this interrogatory as it seeks information which is protected under attorney work product privilege as it seeks information concerning the thoughts and opinions of the undersigned attorneys who conducted an investigation in anticipation of litigation. Also, defendant objects to this interrogatory as it seeks information which may be protected under the attorney-client privilege. Moreover, defendant objects to this interrogatory as the

> interrogatory is vague and does not define . . . the incident. However, without waiving its objections and reserving the same, defendant, Fresh Market, submits that assistant manager Joel Murphy had identified identification numbers and bar code on the vase. Any other Investigation regarding the incident was performed by undersigned counsel.

(R. Doc. 30-2 at 13-14).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to Interrogatory No. 3 by "stating the names/pertinent information of the [Fresh Market] employees [who] were involved with the investigation of the subject incident within days of its occurrence." (R. Doc. 30-2 at 27). Fresh Market has not provided any supplemental response to Interrogatory No. 3. (R. Doc. 30-1 at 6).

Fresh Market's initial response is insufficient. Fresh Market must supplement its response to provide the names (and other information requested) of its employees involved in the investigation of the incident prior to the filing of the instant lawsuit. Even in the absence of waiver, the information sought is not subject to the attorney-client privilege or work product doctrine.

### 2. Request for Production No. 1

Hill's Imports' Request for Production No. 1, and Fresh Market's response to that request, are as follows:

> **Request for Production No. 1**
> Please provide copies of any and all incident, accident, or investigation reports, and any other documents or thing, electronic or otherwise, in your possession concerning the facts of the incident which forms the basis of this lawsuit. To the extent that you declare a privilege on any documents prepared or received before the filing of the lawsuit, please submit a privilege log.
>
> **Response**
> Defendant, Fresh Market, object[s] to this request on the grounds that it seeks information which is privileged under the attorney work product privilege in that it seeks opinions, strategy, and thoughts in anticipation of litigation. A privilege log will follow.

8

(R. Doc. 30-2 at 19).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to "produce all the [Fresh Market] incident/accident reports which were prepared within days of the incident and would include a privilege log for all non-produced reports." (R. Doc. 30-2 at 27). Fresh Market's supplemental response again asserts work product protection, and Fresh Market represents they it will seek a protective order and *in camera* review of the documents to the extent they contain information protected by the attorney-client privilege. (R. Doc. 30-2 at 31).

Fresh Market failed to produce the requested reports and a privilege log in its supplemental response Request for Production No. 1. (R. Doc. 30-1 at 6-7). Since providing these supplemental responses on May 29, 2015, Fresh Market has not moved for a protective order or *in camera* review.

Fresh Market's supplemental response is insufficient. Fresh Market must supplement its response to provide all responsive incident, accident, or investigation reports concerning the facts of the incident written by non-attorney employees of Fresh Market prior to the initiation of this litigation. To the extent the Request for Production No. 1 seeks additional information, it is overly broad as stated.

3. **Request for Production No. 2**

Hill's Imports' Request for Production No. 2, and Fresh Market's response to that request, are as follows:

**Request for Production No. 2**
Please provide copies of any and all statements, photographs and videos of the accident scene, including all statements photographs and videos in your possession concerning the subject incident. For each such statement, photograph

9

and/or video identify the date of the statement, photograph or video and the name and the address of the person taking said statement, photograph or video.

**Response**
Defendant, Fresh Market, objects to this request as it is overly broad and requests information which is protected under the attorney client and work product privilege. However, without waving its objections and reserving [the] same, please find attached the transcribed statement of Christopher Janko and photographs of the vase in question.

(R. Doc. 30-2 at 19-20).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to "supplement [its] written response to state that [Fresh Market] has no other statements (taken/made with the initial [Fresh Market] accident investigation) than have already been produced; no video of the accident; and no photographs depicting the number or data contained on the barcode." (R. Doc. 30-2 at 27).

Fresh Market's supplemental response is essentially the same as its initial response, adding only that "[t]here are no videos of the incident or the incident scene." (R. Doc. 30-21 at 32-33). This supplemental response is insufficient. Fresh Market must produce any statements made by witnesses of the incident, and any photographs taken on the day of the incident. If Fresh Market is not in the possession, custody, or control of such documents, it must say so.

### 4.    Request for Production No. 6

Hill's Imports' Request for Production No. 6, and Fresh Market's response to that request, are as follows:

**Request for Production No. 6**
Please provide a fully executed copy of any and all contracts or agreements between The Fresh Market, Inc. and any other supplier, importer, manufacturer, or distributor of glass vases, which were in effect within one year before and on the date of the subject incident, believed to be on or about September 11, 2012.

10

>**Response**
>The undersigned counsel has requested the documents and will produce them upon receipt.

(R. Doc. 30-2 at 19-20).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to "produce any such contract/agreements." (R. Doc. 30-2 at 27). In its supplemental response, Fresh Market stated the following:

>**Supplemental Response**
>The undersigned counsel has requested the documents and will produce them upon receipt. No other contracts from other vendors of glass vases at the time of the incident. However, without waiving its objections, please find attached the Indemnification Agreement between Hill's Imports, The Fresh Market, Inc. and Burris Logistics, dated November 26, 2012.

(R. Doc. 30-2 at 33). This supplemental response is unclear, as the sentence fragment does not identify whether "there are" no additional contracts or whether Fresh Market "has not located" any additional contracts. Fresh Market must supplement its response and provide any responsive documents, or otherwise unequivocally and clearly state that no responsive documents are in its possession, custody, or control.

### 5. Request for Production No. 7

Hill's Imports' Request for Production No. 7, and Fresh Market's response to that request, are as follows:

>**Request for Production No. 7**
>Please produce copies of all documents or things, electronic or otherwise, which purport to indicate that the subject vase was imported, distributed, or supplied by Hill's Imports, Inc.
>
>**Response**
>Please see attached catalogue from Hill's Imports.

(R. Doc. 30-2 at 21).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to "supplement [its] response to state that [Fresh Market] is searching its records for other documents responsive to this request" and that any responsive documents would be produced by May 22, 2015 (extended by agreement later to May 29, 2015). (R. Doc. 30-2 at 27). In its supplemental response, Fresh Market stated the following:

> **Supplemental Response**
> Please see attached catalogue from Hill's Imports. Further, please see data reports and delivery reports showing that Burris Logistics received the Tall Glad Vase (Item #398639), which also includes all items from Hill's Imports, a Shipment by Item from April 12, 2012 to 12/31/2012 from Burris Logistics, Receipt Detail by Account/Item from 4/12/12 thru (sic) 12/31/12 from Burris Logistics, and Burris' invoice to Fresh Market, dated 6/27/2012 showing the sale of the 18" Tall Glad Vase (Item # 398639), delivered to the Mandeville Store (Store #62).

(R. Doc. 30-2 at 34). Hill's Imports represents that the documents produced in the supplemental production are difficult to read. To the extent more legible copies of the documents produced can be replicated, Fresh Market must produce more legible copies. Hill's Imports further states that Fresh Market has "produced no documents which show that the vase which was involved in the subject accident was one of the items contained in those shipments." (R. Doc. 301-at 8). To the extent Hill's Imports has any further documents responsive to the request indicating that the vase actually involved in the incident was contained in a shipment tracked to Hill's Imports, then Fresh Market must produce those documents, or otherwise unequivocally and clearly state that no additional responsive documents are in its possession, custody, or control.

### 6. Request for Production No. 8

Hill's Imports' Request for Production No. 8, and Fresh Market's response to that request, are as follows:

> **Request for Production No. 8.**
> Please provide copies of any statements obtained from any witnesses to the incident and/or from any witnesses you may call at the trial of this matter.

12

> **Response**
> Defendant objects to this request as it seeks information which is protected under the attorney-client and attorney work product privileges. However, without waiving any objections or privileges, defendant submits the transcribed recorded statement of Christopher Janko.

(R. Doc. 30-2 at 21).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to "supplement [its] written response to state that [Fresh Market] has no other statements (taken/made with the initial [Fresh Market] accident investigation) than what has already been produced." (R. Doc. 30-2 at 27). Fresh Market's supplemental response to Request for Production No. 8 is identical to its initial response. (R. Doc. 30-1 at 8-9).

Fresh Market's supplemental response is insufficient. Fresh Market must further supplement its response to provide any other statements obtained from persons who witnessed the incident at issue. Even in the absence of waiver, such statements would not be subject to the attorney-client privilege or work product doctrine. If no additional statements were taken, Fresh Market must say so.

### 7. Request for Production No. 9

Hill's Imports' Request for Production No. 9, and Fresh Market's responses to that request, are as follows:

> **Request for Production No. 9**
> Please provide copies of any and all incident, accident, or investigation reports, photographs, videos, statements, and any other document or thing, electronic or otherwise, in your possession concerning the facts of any other incident at any The Fresh Market, Inc. location involving a glass vase believed to have been imported distributed or supplied by Hill's Imports, Inc. To the extent that you declare privilege on any documents prepared or received before the filing of the lawsuit, please submit a privilege log.
>
> **Response**
> Defendant objects to this request as it is overly broad and will cause undue hardship on the defendant.

13

(R. Doc. 30-2 at 34-35).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to "supplement [its] written response to state that [Fresh Market] is searching its records for other incidents involving vases imported by Hill's Imports" and would produce such documents" and that any responsive documents would be produced by May 22, 2015 (extended by agreement later to May 29, 2015). (R. Doc. 30-2 at 28). In its supplemental response, Fresh Market "re-asserts and re-avers its objection to this request as it is overly broad and will cause undue hardship on the defendant." (R. Doc. 30-2 at 35).

The court agrees that the request is overly broad, as it is not limited to vases located in floral departments of Fresh Market stores. The request is also somewhat vague as it does not identify what individual, if any, can determine whether Fresh Market subjectively "believes" a record or documents relates to glass vase imported, distributed, or supplied by Hill's Imports. That said, Fresh Market has provided no specifics regarding the alleged "undue hardship" it would face in responding to this request. Fresh Market has not indicated the extent to which it searched its records for other incidents involving vases imported by Hill's Imports after the Rule 37(a)(1) conference and before providing its supplemental response. Fresh Market has not indicated how difficult it is to locate any incident, accident, or investigation reports, and related documents, concerning glass vases supplied by Hill's Imports through appropriate computer data base or other searches.

Fresh Market must, therefore, supplement its response to indicate its efforts to comply with this request and specifics regarding the undue hardship that would fall upon it should it have to respond fully to Request for Production No. 9. If the additional response remains insufficient, Hill's Imports may renew its motion to compel with regard to Request for Production No. 9.

### 8.  Request for Production No. 11

Hill's Imports' Request for Production No. 11, and Fresh Market's response to that request, are as follows:

> **Request for Production No. 11**
> Please provide copies of any and all incident, accident, or investigation reports, photographs, videos, statements, and any other document or thing, electronic or otherwise, in your possession concerning the facts of any other incident at any The Fresh Market, Inc. location involving glass vase(s) believed to have been imported distributed or supplied by any other entity other than Hill's Imports, Inc. To the extent that you declare privilege on any documents prepared or received before the filing of the lawsuit, please submit a privilege log.
>
> **Response**
> Defendant objects to this request as it is overly broad and will cause undue hardship on the defendant.

(R. Doc. 30-2 at 35).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to "supplement [its] written response to state that [Fresh Market] is searching its records for incidents involving vases that were not imported by Hill's Imports (or whose importing source cannot be identified)" and that any responsive documents would be produced by May 22, 2015 (extended by agreement later to May 29, 2015). (R. Doc. 30-2 at 28). In its supplemental response, Fresh Market "re-asserts and re-avers its objection to this request as it is overly broad and will cause undue hardship on the defendant." (R. Doc. 30-2 at 35).

The court agrees that the request is overly broad. Although no specifics have been provided by Fresh Market regarding the "undue hardship" that Fresh Market would face in responding to this request, it is clear that responding to this request would require Fresh Market to investigate its records for all documents involving accidents involving vases. The request is further overly broad as it is not limited to vases that would be located in the floral department of a Fresh Market store. Moreover, Hill's Imports has made no showing that the information

15

requested concerning vases not imported, distributed, or supplied by Hill's Imports has any bearing on this litigation. The court will therefore not require a further response to this request.

### 9. Request for Production No. 12

Hill's Imports' Request for Production No. 12, and Fresh Market's response to that request, are as follows:

> **Request for Production No. 12**
> Please produce copies of all written policies, procedures or protocols, whether electronic, paper, or otherwise, concerning the floral department at The Fresh Market, Inc. store where the subject incident took place.
>
> **Response:**
> Defendant objects as this request seeks information which may be proprietary in nature. If such documents are to be produced, defendant would seek a protective order to seal the documents so that only the parties to this litigation can review them and return all copies after the litigation.

(R. Doc. 30-2 at 35).

In his summary of the Rule 37(a)(1) conference, counsel for Hill's Imports represents that Fresh Market agreed to "supplement [its] written response to state that [Fresh Market] will circulate a confidentiality agreement or other appropriate document" and that the documents would be produced within 15 days of the agreement. (R. Doc. 30-2 at 28).

In its supplemental response, Fresh Market "objects as this request seeks information which may be proprietary in nature" but provided "a proposed Joint Protective Order for signature by all counsel not to distribute, disseminate, or publish any employee handbooks, plantagrams, or policies, procedures, or protocols concerning the floral department at the Fresh Market, Inc." (R. Doc. 30-2 at 35).

In support of its motion, Hill's Imports represents that the parties are in the process of signing a Protective Order. (R. Doc. 30-1 at 9). It is unclear to the court whether the parties are signing a confidentiality agreement to be entered solely between the parties, or whether the

16

parties plan on filing a joint motion for a stipulated protective order pursuant to Rule 37 of the Federal Rules of Civil Procedure. Since the filing of its motion to compel, Hill's Imports has not given any information to the court regarding the status of any confidentiality agreement or stipulated protective order that would address Fresh Market's concerns with providing proprietary documents. Accordingly, the court will allow the parties additional time to finish their negotiations regarding confidentiality prior to ordering documents to be produced in response to Request for Production No. 12.

D. **Expenses**

Under Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure, if a motion to compel discovery is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. The court finds that the parties shall each bear their own costs in connection with the motion to compel.

III. **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Third-Party Defendant Hill's Imports' Motion to Compel (R. Doc.30) is **GRANTED in part and DENIED in part**. Fresh Market must provide supplemental responses and productions for Interrogatory No. 3 and Request for Production Nos. 1, 2, 6, 7, and 8, and 9 in accordance with the terms of this Order, **within 14 days** of the date of this Order. Fresh Market must provide a supplemental response and production for Request for Production No. 12, in accordance with the terms of this Order, **within 7 days** of the entering of a

confidentiality agreement between the parties, or the entry of a stipulated protective order by the court.[1] The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Third-Party Defendant Hill's Imports' Motion to Set Hearing (R. Doc. 31) is **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on August 5, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

---

[1] The court has every expectation that the parties can come to an agreement protecting any confidential documents. Should the parties be unable to agree on the terms of such agreement or order, however, relief should be sought from the court in accordance with the Federal Rules of Civil Procedure.