UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| CHRISTOPHER JANKO | CIVIL ACTION |
|---|---|
| VERSUS | NO. 13-648-RLB |
| THE FRESH MARKET, INC., ABC INSURANCE COMPANY AND JANE DOE | CONSENT |

## ORDER

Before the court is Plaintiff's Motion Challenging the Sufficiency of the Defendant's Answers to Plaintiff's Requests for Admission (R. Doc. 32) filed on June 16, 2015. Any opposition to this motion was required to be filed within 21 days after service of the respective motion. LR 7(f). Defendant The Fresh Market, Inc. has not filed an opposition as of the date of this Order. The motion is therefore unopposed.

For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

**I.    Background**

Christopher Janko ("Plaintiff") originally filed this personal injury action in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana, naming The Fresh Market, Inc. ("Fresh Market") its unknown employee, Jane Doe, and its unknown liability insurer, ABC Insurance Company, as Defendants. (R. Doc. 1-2). Plaintiff claims that on September 11, 2012, he "sustained severe and permanent injury to his hand and thumb" while purchasing a glass vase and bouquet of flowers at a Fresh Market store "when the vase suddenly and without warning broke in [his] hand." (R. Doc. 1-2 at 2).

On September 26, 2013, Fresh Market removed this action. (R. Doc. 1). After removal, Fresh Market amended its Answer to assert a Third Party Demand against Hill's Imports, Inc. ("Hill's Imports") and Burris Logistics, Inc. ("Burris), asserting that Hill's Imports imported the vase, and Burris

then distributed it to Fresh Market. (R. Doc. 13). Fresh Market asserts that both Hill's Imports and Burris must defend, indemnify, and hold harmless Fresh Market for the claims brought by Plaintiff. (R. Doc. 13 at 7-8).

On May 8, 2015, Plaintiff propounded 20 Requests for Admission on Fresh Market. (R. Doc. 32-1 at 2).

On June 5, 2015, Fresh Market provided its objections and responses. (R. Doc. 32-2).

On June 16, 2015, Plaintiff filed the instant motion arguing that all but two of the responses are "incomplete and evasive." (R. Doc. 32-1 at 2).[1] Plaintiff argues that "Fresh Market's answers to the requests for admissions are insufficient because they contradict the Fresh Market's own employee's deposition testimony." (R. Doc. 32-1 at 2). Plaintiff argues that the responses are evasive because they are "ambiguous as to whether they object, deny, or admit the matters at issue." (R. Doc. 32-1 at 11). Plaintiff further argues that Fresh Market's objections improperly object on the ground that the requests present genuine issues for trial. (R. Doc. 32-1 at 13). Finally, Plaintiff argues that several of Fresh Market's responses employ gamesmanship in violation of Rule 36(a)(4), including the responses to Request for Admission Nos. 3, 5, 6, 7, 14, and 18. (R. Doc. 32-1 at 14).

**II.     Law and Analysis**

**A.     Legal Standards**

Rule 36(a)(1) of the Federal Rules of Civil Procedure provides that a party may serve written requests for admission pertaining to the truth of any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). Rule 26(b)(1), in turn,

---

[1] Plaintiff does not directly state that he is not seeking review of the responses to Request for Admission Nos. 4 and 15. Plaintiff dedicates, however, the bulk of his memorandum in support to listing the Requests for Admission, responses, and allegedly conflicting deposition testimony. (R. Doc. 32-1 at 2-11). Plaintiff does not add to this list Request for Admission Nos. 4 and 15.

states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

In response to a request for admission, a party must admit the matter, deny the matter, or state that it cannot admit or deny the matter and provide the reason for which it is unable to respond:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4). The denial of a request for admission "as written" without further explanation is evasive. *See XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12-cv-2071, 2014 WL 295053, at *4 (E.D. La. Jan. 27, 2014); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 368 (D. Md. 2012) ("The phrase 'denied as written," without additional elaboration, is evasive, and is tantamount to a failure to answer.") (*citing* Fed. R. Civ. P. 37(a)(4)).

If a request for admission is objected to, the responding party must provide the grounds for the objection and "must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). General objections to requests for admission that are not addressed to specific requests to admissions are insufficient. *See Hall v. Louisiana*, No. 12-cv-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014); *see also Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("General objections without any reference to a specific request to admit are meritless.").

A party may file a motion with the court to determine the sufficiency of an answer or objection to its requests for admission. Fed. R. Civ. P. 36(a)(6). Unless the court finds a party's objections justified, it must order that the party respond to the requests for admission. *Id.* On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. *Id.*

3

### B. Plaintiff's Arguments Based on General Objections and Prior Deposition Testimony

As a preliminary matter, the court will first briefly address Plaintiff's arguments that Fresh Market's responses are evasive and insufficient based upon the presence of general objections and prior deposition testimony.

First, Plaintiff argues that Fresh Market has improperly made general objections. Any objections to a request for admission must conform with Rule 36(a)(5), which requires objections to address specific requests. Accordingly, the court will only consider specific objections made by Fresh Market as they relate to specific requests for admission.

Second, Plaintiff argues that some of Fresh Market's responses provided on June 5, 2015 are evasive based on allegedly contradictory deposition testimony given on March 27, 2015, by Fresh Market's employees Anthony Essaied (R. Doc. 32-3) and Kety S. Calmes-Neese (R. Doc. 32-4). If necessary, Plaintiff may address contradictions between Fresh Market's responses to requests for admission and the deposition testimony of Fresh Market's employees at an appropriate evidentiary stage of this litigation, such as summary judgment and trial. The court will not require an amended answer to a request for admission solely because it may be impeachable.

### C. The Requests for Admission at Issue

The court will now address the individual requests for admission to determine whether Fresh Market's responses are sufficient, and if not, whether the court should order Fresh Market to serve amended responses or order the matter admitted. *See* Fed. R. Civ. P. 36(a)(6).

#### 1. Request for Admission No. 12

Plaintiff's Request for Admission No. 12, and Fresh Market's response, are as follows:

**Request for Admission No. 12**
Please admit that Fresh Market Inc. has failed to provide any verifying codes or number to identify who the manufacture[r] of the vase is.

**Response**
Denied.

(R. Doc. 32-2 at 6-7). Fresh Market has specifically denied the request for admission, which is an adequate response pursuant to Rule 36(a)(4). No further response is required.

### 2. Request for Admission Nos. 11, 16, and 17

Plaintiff's Request for Admission Nos. 11, 16, and 17, and Fresh Market's response, are as follows:

**Request for Admission No. 11**
Please admit that Fresh Market Inc. has objected to producing the incident report as a result of this accident involving CHRISTOPHER JANKO on September 11, 2012.

**Response**
Defendant objects to this Request as it is argumentative and assumes facts not in evidence. However, without waiving these objections, defendant admits that it objects to the production of a confidential report that contains materials that are protected under the attorney client and attorney work product privileges.

**Request for Admission No. 16**
Please admit that Fresh Market Inc. has no evidence to support that Christopher Janko caused the vase to break.

**Response**
Defendant objects to this Request as it is argumentative, misstates facts, and assumes facts not in evidence. However, without waiving these objections, defendant denies this request for admission.

**Request for Admission No. 17**
Please admit that Fresh Market Inc. has no witnesses to testify that Christopher Janko caused the vase to break.

**Response**
Defendant objects to this Request as it is argumentative, misstates facts, and assumes facts not in evidence. However, without waiving these objections, defendant denies this request for admission.

The foregoing requests for admission are specifically objected to and Fresh Market provides the specific grounds for those objections. Fresh Market does not object to any of these requests

"solely on the ground that the request presents a genuine issue for trial." Accordingly, Fresh Market's specific objections conform to Rule 36(a)(5).

Fresh Market specifically admits or denies these requests for admission, which are adequate responses pursuant to Rule 36(a)(4). No further responses are required.

### 3. Request for Admission Nos. 2, 8, 9, 10, and 13

Plaintiff's Request for Admission Nos. 2, 8, 9, 10, and 13, and Fresh Market's response, are as follows:

**Request for Admission No. 2**
Please admit that KETY CALMES was acting as employee for Fresh Market on September 11, 2012 when she was arranging a vase of flowers for CHRISTOPHER JANKO.

**Response**
Denied as written.

**Request for Admission No. 8**
Please admit that Fresh Market Inc. has no explanation of why they do not currently possess the vase that Mr. Janko injured his thumb with on September 11, 2012.

**Response**
Denied as written.

**Request for Admission No. 9**
Please admit that Fresh Market Inc. has a policy/procedure of requiring their employees to fill out an incident report and turn it in to the corporate office if there is an accident in the store.

**Response**
Denied as written.

**Request for Admission No. 10**
Please admit that within three days of this incident Fresh Market Inc. prepared an incident report as a result of this accident involving CHRISTOPHER JANKO on September 11, 2012.

**Response**
Denied as written.

**Request for Admission No. 13**
Please admit that Fresh Market Inc. does have a Floral Handbook for its employees in the floral section of the store to utilize.

**Response**
Denied as written.

(R. Doc. 32-2 at 2, 4-6). Fresh Market's response to the foregoing requests for admission is "denied as written" with no further elaboration. These responses are vague and evasive. *See XL Specialty Ins. Co.*, 2014 WL 295053, at *4.

It appears that Fresh Market's qualified denials are based on semantic objections to how the requests for admission are drafted, presumably indicated by qualifying the objection with "as written." These denials are insufficient. Fresh Market must provide a good faith amended answer in accordance with Rule 36(a)(4). If the foregoing qualified denials are partial in nature, and based on particular language contained in the requests for admission, Fresh Market must identify, in good faith, the extent to which it admits the requests for admission.

4. **Request for Admission Nos. 1, 19, and 20**

Plaintiff's Request for Admission Nos. 1, 19, and 20, and Fresh Market's responses, are as follows:

**Request for Admission No. 1**
Please admit that CHRISTOPHER JANKO injured his right thumb as a result of the vase breaking at Fresh Market on September 11, 2012.

**Response**
Defendant objects to this Request as it assumes facts not in evidence. Thusly, the request is denied as written.

**Request for Admission No. 19**
Please admit that Fresh Market Inc. did not warn Christopher Janko that the vase he picked out was defective on September 11, 2012.

**Response**
Defendant objects to this Request as it is argumentative, misstates facts, and assumes facts not in evidence. Further, Defendant objects to this Request as it misstates the duty owed by a non-manufacturing retailer regarding products it sells. However, without waiving these objections, defendant denies this request for admission as written.

7

>**Request for Admission No. 20**
>Please admit that Fresh Market Inc. had sole control of the vase since the time of its delivery to the store premises.
>
>**Response**
>Defendant objects to this Request as it is argumentative, misstates facts, and assumes facts not in evidence. However, without waiving these objections, defendant denies this request for admission as written.

(R. Doc. 32-1 at 2-11).

The foregoing requests for admission are specifically objected to and Fresh Market provides the specific grounds for those objections. Fresh Market does not object to any of these requests "solely on the ground that the request presents a genuine issue for trial." Accordingly, Fresh Market's specific objections conform to Rule 36(a)(5).

The foregoing requests for admission are, however, denied "as written" without further elaboration and are, therefore, vague and evasive. *See XL Specialty Ins. Co.*, 2014 WL 295053, at *4. As with its responses to Requests for Admission Nos. 2, 8, 9, 10, and 13 (discussed above), Fresh Market's responses to Requests for Admission Nos. 19 and 20 appear to be based on semantic objections to the requests for admission, presumably indicated by qualifying the objection with "as written." Fresh Market must provide a good faith amended answer in accordance with Rule 36(a)(4). If the foregoing qualified denials are partial in nature, and based on semantic objections to the requests for admission, Fresh Market must identify, in good faith, the extent to which it admits the requests for admission.

Fresh Market's response to Request for Admission No. 1 is premised solely on the objection that the request assumes facts not in evidence. This objection is insufficient considering that Fresh Market can answer the request pursuant to Rule 36(a)(4) based upon the information in its possession, custody, or control. Fresh Market must provide a good faith amended answer in accordance with Rule 36(a)(4).

### 5. Request for Admission Nos. 3, 5, 6, 7, and 14

Plaintiff's Request for Admission Nos. 3, 5, 6, 7, and 14, and Fresh Market's response, are as follows:

**Request for Admission No. 3**
Please admit that Fresh Market Inc. did not possess the vase identified by KETY CALMES with a hole in it from the date of the JANKO accident to some unknown date prior to the vase inspection date of March 27, 2015

**Response**
Denied as written, except to admit that the Fresh Market, Inc. store in Mandeville, LA stored the vase in question in this litigation from the date of the alleged incident of September 11, 2012, until it could not be located prior to the inspection of March 27, 2015.

**Request for Admission No. 5**
Please admit that Fresh Market Inc. no longer possess the vase that Mr. Janko injured his thumb with on September 11, 2012.

**Response**
Denied as written, except to admit that The Fresh Market, Inc. store in Mandeville, LA cannot locate the vase in question in this litigation in its store.

**Request for Admission No. 6**
Please admit that Fresh Market Inc. has no explanation of where the vase is located after March 27, 2015.

**Response**
Denied as written, except to admit that the Fresh Market, Inc. store in Mandeville, LA does not know the location or whereabouts of the vase in question in this litigation after March 27, 2015.

**Request for Admission No. 7**
Please admit that Fresh Market Inc. does not know who is currently in possession of the vase that Mr. Janko injured his thumb with on September 11, 2012.
**Response**
Denied as written, except to admit that The Fresh Market, Inc. does not know the current location of the vase in question in this litigation.

**Request for Admission No. 14**
Please admit that Fresh Market Inc. has failed to keep (the original or photo copies) any barcodes that were originally attached to the vase in question.

**Response**
Denied as written, except to admit that it does not know the location of said vase and neither it nor its representatives took photographs of the barcodes on the vase in question.

(R. Doc. 32-2 at 3-4, 6). Fresh Market's responses to the foregoing requests for admission, which all concern the location of the vase at issue, are sufficient. Although Fresh Market denies the requests for admission "as written," it partially admits to these requests for admission and explains the basis for those admissions. Those partial admissions serve to clarify the basis on which Fresh Market has made its denials "as written." Furthermore, Fresh Market's responses to Requests for Admission Nos. 3 and 7 are clearly directed at Plaintiff's use of the terms "possess" and "possession," which carries a specific legal meaning in discovery. *See* Fed. R. Civ. P. 34 (providing procedures for requesting production of documents in a parties' "possession, custody, or control"). Fresh Market admits that the vase has not been located by Fresh Market since March 27, 2015, leaving open the possibility that the vase is still on its property at some unknown location. Although stated in a relatively obtuse manner, those responses are sufficient pursuant to Rule 36(a)(4).

### 6. Request for Admission No. 18

Plaintiff's Request for Admission No. 18, and Fresh Market's response, are as follows:

**Request for Admission No. 18**
Please admit that Fresh Market Inc. did not perform an inspection of the vase in the floral section of the store prior to opening for business on September 11, 2012.

**Response**
Defendant objects to this Request as it is argumentative and does not state the duty owed by The Fresh Market, Inc. as a non-manufacturing retailer regarding inspections of goods, including the vase in question. Further, defendant objects to this Request as it has been asked and answered by Ms. Kety Calmes in her deposition.

(R. Doc. 32-2 at 2, 4-6).

This request for admission is specifically objected to and Fresh Market provides the specific grounds for those objections. Fresh Market does not object to any of these requests "solely on the ground that the request presents a genuine issue for trial." Accordingly, Fresh Market's specific objections conform to Rule 36(a)(5).

Fresh Market has not, however, satisfied the requirements of Rule 36(a)(4) by admitting the matter, denying the matter, or stating that it cannot admit or deny the matter and providing the reason for which it is unable to respond. Fresh Market must provide a good faith amended answer in accordance with Rule 36(a)(4).

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion Challenging the Sufficiency of the Defendant's Answers to Plaintiff's Requests for Admission (R. Doc. 32) is **GRANTED in part and DENIED in part**. Fresh Market must provide amended answers to Request for Admission Nos. 1, 2, 8, 9, 10, 13, 18, 19, and 20, in accordance with the terms of this Order, **within 14 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on August 5, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**